IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSEPH ADENS | : | No. 12-616-2 |
| | : | |
| | : | |

**MEMORANDUM**

PRATTER, J.                                                                              SEPTEMBER 10, 2021

Joseph Adens seeks compassionate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(l)(A)(i). The Government opposes Mr. Adens's motion because he has failed to exhaust his administrative remedies. The Court denies the motion based on Mr. Adens's failure to exhaust the administrative process.

BACKGROUND

After four adult convictions for felony narcotics violations and firearms violations, Mr. Adens was indicted in 2013 with a range of charges related to distribution of cocaine: conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B); attempted possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); participating in a second drug conspiracy involving five kilograms or more of cocaine and a mixture and substance containing a detectable amount of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(D); aiding and abetting the possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

1

Mr. Adens proceeded to trial but, after eight days, he pled guilty to all counts pursuant to a plea agreement with a term of 27 years of imprisonment, 10 years of supervised release, and financial penalties. The Court imposed a concurrent term of 204 months on all counts except the firearm possession count, on which the Court imposed a consecutive term of 120 months. This 324-month term fell below the applicable advisory guideline range.

Mr. Adens is currently serving his sentence at Federal Correctional Institution Allenwood. He has served approximately 104 months and has earned approximately 14 months credit for good conduct. His earliest release date is December 2035.

## LEGAL STANDARD

First, "as a general matter, a court cannot modify a term of imprisonment after it has been imposed without specific authorization." *McMillan v. United States*, 257 F. App'x 477, 479 (3d Cir. 2007). A defendant can move to reduce his or her term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), but must first demonstrate that he or she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Third Circuit Court of Appeals has "conclude[d] that strict compliance with § 3582(c)(l)(A)'s exhaustion requirement takes on added—and critical—importance" in light of "BOP's shared desire for a safe and healthy prison environment" during the COVID-19 pandemic. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see also United States v. Wilson*, No. 14-cr-209-1, 2020 WL 1975082, at *4 (E.D. Pa. Apr. 24, 2020) (citing *Raia* and applying exhaustion requirement).

## DISCUSSION

Mr. Adens filed his motion for compassionate release on July 28, 2021 based on his risk of contracting new variants of COVID-19 while incarcerated. In his motion Mr. Adens cites no underlying medical conditions placing him at an increased risk should he contract the disease, but in a supplemental letter dated August 8, 2021, he states that he has a low white blood cell count and that a physician informed him that he may suffer from leukopenia. Doc. No. 752.

The Court cannot assess the substantive merits of Mr. Adens's motion because, based on the record before the Court, he has failed to exhaust his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). The Third Circuit Court of Appeals has ruled that a defendant's failure to satisfy the statutory exhaustion requirement "presents a glaring roadblock foreclosing compassionate release." *Raia*, 954 at 597. "This exhaustion requirement is not excused by the risks COVID-19 poses in the federal prison system." *Dorsett v. United States*, No. 5:12-cr-00401, 2020 WL 7310564, at *2 (E.D. Pa. Dec. 11, 2020) (citing *Raia*, 954 F.3d at 595–97).

Mr. Adens faces the burden to establish that he has made a request to the facility's warden for compassionate release. *United States v. Hubbard*, No. 15-cr-96-1, 2020 WL 6828476, at *2 (E.D. Pa. Nov. 20, 2020). He has not done so. Moreover, the Government represents that FCI Allenwood has no record of such a request.

Mr. Adens also requests transfer to home confinement. However, the Court is not vested with the authority to release inmates into home confinement. *United States v. Pettiway*, No. 08-cr-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020). Congress has instead authorized the Attorney General and the BOP director with the discretion to place eligible prisoners in home confinement pursuant to 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541(g).

Absent any evidence that Mr. Adens has complied with the express statutory administrative exhaustion requirement, the Court denies his motion at this time.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Adens's motion for compassionate release without prejudice to renew after he has properly documented that he exhausted his request for compassionate release with the Bureau of Prisons. An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE