## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **JOSEPH ADENS** | : | **No. 12-616-2** |

## MEMORANDUM

PRATTER, J.                                                    JANUARY 22, 2024

For the third time, Joseph Adens seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). This time, Mr. Adens' chief argument is that there has been a change in law by which the Sentencing Guidelines changed under the 2018 Amendments. The Government argues that the relevant change is not applicable to Mr. Adens because the plea agreement to which he agreed specifically did not concern that change. The Court finds that there has been no change in law that would apply to Mr. Adens' plea agreement and denies his motion.

### BACKGROUND

Joseph Adens was indicted in 2013 with a range of various charges related to distribution of cocaine and marijuana: conspiracy to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), (b)(1)(B); attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); possession of a firearm in furtherance of a drug trafficking crime, violating 18 U.S.C. § 924(c); participating in a second drug conspiracy that involved five kilograms or more of cocaine and a mixture and substance that contained marijuana, violating 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A), b(1)(D); aiding and abetting the possession with intent to distribute 500 grams or more

of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); and conspiracy to commit money laundering, violating 18 U.S.C. § 1956(h).

After eight days of trial, Mr. Adens pled guilty to all counts. Mr. Adens entered a plea agreement that included a sentence of 27 years of imprisonment, 10 years of supervised release, and financial penalties as appropriate for his case. The Court imposed a concurrent term of 204 months on all counts except the firearm possession count, on which the Court imposed a consecutive term of 120 months. Also in the plea agreement, the Government "agree[d] at the time of Sentencing to withdraw the previously filed Notice of Intent to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851." The Section 851 Notice had exposed Mr. Adens to a mandatory sentence of life imprisonment.

Mr. Adens previously filed a motion for compassionate release that the Court denied for failure to exhaust the administrative process. Mr. Adens filed a second motion for compassionate release based on the risk of contracting COVID-19, and the Court denied that motion for failure to present extraordinary and compelling circumstances. Mr. Adens then followed with this third motion for compassionate release, arguing a host of reasons why his sentence was not appropriate, including that the recently passed First Step Act would have meant that Mr. Adens would not have qualified for an enhanced penalty under Section 851. The Government opposes that motion, arguing that there has not been a change in the applicable law because the Government withdrew the Section 851 Notice in the plea agreement.

Mr. Adens is currently serving his sentence at FCI Allenwood Medium, with a possibly early release date of January 11, 2036. He has served approximately 132 months (11 years) and has credit for good conduct time of approximately 18 months; therefore, Mr. Adens has served approximately 150 months of his 324-month term.

## LEGAL STANDARD

18 U.S.C. § 3582(c) prescribes the limited circumstances in which a court may modify a term of imprisonment. Mr. Adens moves for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which states that a court may modify a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).

The applicable policy statement issued by the Sentencing Commission refers to an "unusually long sentence." The latest Policy Statement of the Sentencing Commission states that "extraordinary and compelling reasons exist" in the following circumstance:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S. Sent'g Guidelines Manual § 1B1.13(b)(6) (U.S. Sent'g Comm'n Nov. 1, 2023).

The applicable change in law here is the First Step Act, enacted in 2018, which "authorize[s] district courts to 'impose a reduced sentence' for qualifying movants 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Concepcion v. United States*, 597 U.S. 481, 488 (2022) (quoting Pub. L. 115-391, § 404(b), 132 Stat. 5222).

## DISCUSSION

Mr. Adens argues that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) because the First Step Act would not have qualified him for an enhanced sentence under Section 851(a). As the Government points out, however, the Government withdrew its

previously filed Notice of Intent to Seek Enhanced Penalties Pursuant to 21 U.S.C. § 851 in the plea agreement signed by Mr. Adens and counsel for the Government. Guilty Plea Agreement § 3, Doc. No. 573. Thus, there has not been any change in prevailing law pertinent to sentencing in this case because Section 851 was not and is not in effect. Therefore, Mr. Adens would have faced the same minimum sentences and guideline ranges today as he did when first sentenced.[1]

Mr. Adens also argues that he should be released because he was locked in his cell for 21-23 hours a day during the COVID-19 pandemic from 2020 to 2022, his fiancée requires his help to care for her grandmother and the couple's children, and he has been rehabilitated. Each of these arguments also fails.

First, the Court recognizes the nature of lockdown pertaining to the COVID-19 pandemic; however, these circumstances are not unique to Mr. Adens, and the Court previously analyzed why the circumstances of the pandemic are not extraordinary and compelling when the Court denied Mr. Adens' previous motion for compassionate release. *See* Apr. 25, 2022 Op., Doc. No. 774.

Next, although the Sentencing Guidelines include a provision where family circumstances could warrant a reduction in sentence, *see* § 1B1.13(b)(3), those circumstances are not present here. The various family circumstances at issue here are applicable only where there is a "death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or medical condition" or where there is incapacitation of other relevant family members "when the defendant would be the only available caregiver." *Id.* Mr. Adens admits that he is not the only available caregiver because his fiancée has been serving as the caretaker of their children, none of

---

[1]     As the Government notes, Mr. Adens faced a number of mandatory minimum sentences of incarceration for Counts One, Two, Three, Five, and Six of the indictment. These remained unchanged by the First Step Act or any other statutory provision.

4

whom Mr. Adens avers are over 18 and incapable of self-care because of various conditions, and his fiancée's grandmother. Mot. for Compassionate Release, at 5, Doc. No. 779. Thus, this argument also fails. *See, e.g.*, *United States v. Williams*, No. 11-223-1, 2020 WL 4756738, at *5 (E.D. Pa. Aug. 17, 2020) (holding that the defendant's argument that he needed to care for his mother because the current caregiver's "assistance may be diminished due to her full-time employment" did not constitute an extraordinary and compelling reason for compassionate release).

Finally, the Court recognizes the efforts Mr. Adens has made to rehabilitate himself while incarcerated, including by obtaining his GED and serving as an education tutor. Mot., at 5, Doc. No. 779. Mr. Adens has also completed the Residential Drug Abuse Program, the Bureau of Prison's "most intensive treatment program." *Substance Abuse Treatment*, Fed. Bureau of Prisons, https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last accessed Jan. 17, 2024). The law, however, holds that "rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for sentence reduction. 28 U.S.C. § 994(t); *see United States v. Gordon*, 585 F. Supp. 3d 716, 722-23 (E.D. Pa. 2022) (denying a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) even where "[t]he court ha[d] rarely seen a case as compelling as this for a defendant's release from prison" where the defendant appeared "totally rehabilitated"). Thus, this argument also fails.

## Conclusion

Because there is no applicable change in the law regarding Mr. Adens' original sentence and because Mr. Adens' other arguments do not constitute extraordinary and compelling reasons for compassionate release, the Court denies Mr. Adens' latest motion. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE